# EXHIBIT A

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV002053**
**4/5/2021 9:05 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SHONTA BATTLE, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) |
| v. | ) |
| | ) |
| JOHNNY THOMAS and THOMAS | ) |
| CONTRACTING LLC | ) |
| | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff in the above-styled action and shows the Court the following:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff SHONTA BATTLE ("Plaintiff") is resident of the State of Georgia, and subject to the jurisdiction of this Court.

2.

Defendant JOHNNY THOMAS ("THOMAS") does business in the State of Georgia, and may be served with a copy of the Summons and Complaint at 112 Weeping Circle, Wilsonville, Alabama 35186.

3.

Defendant THOMAS CONTRACTING LLC ("TCL") is a limited liability company that does busines in the State of Georgia and may be served with a copy of the Summons and

1

Copy from re:SearchGA

Complaint by serving the following registered agent for service of process: Dana Terrell Thomas, 203 W. 5th Avenue, York, AL 36925.

4.

Jurisdiction and venue is proper as to all Defendants in this Court.

5.

Subject matter jurisdiction is proper in the Court as to all Defendants.

**Background**

6.

On August 3, 2020, Plaintiff driving in the number two lane of southbound Highway 155 South near the intersection of McDonough Road in Georgia.

7.

At or about the same time, Defendant THOMAS, who was driving a big rig in the course and scope of his employment with Defendant TCL, was traveling on southbound Highway 155 South as well when tried to merge into Plaintiff's lane and crashed into Plaintiff's vehicle from the side.

8.

As a result of Defendant THOMAS' improper lane change, Plaintiff suffered catastrophic injuries.

9.

Police were called to the scene and Defendant THOMAS was found to be "at fault for improper lane change."

10.

2

Copy from re:SearchGA

Defendant THOMAS was negligent in the operation and use of the motor vehicle he was driving.

11.

Defendant TCL is vicariously liable for Defendant THOMAS's conduct under the Doctrine of Respondeat Superior and Imputed Liability because, when he crashed into Plaintiff, THOMAS was acting within the scope and course of his employment with the TCL and with its knowledge and authority.

12.

As a direct and proximate result of the negligence of Defendants, Plaintiff was injured.

**Count 1 – Negligence**

13.

Plaintiffs realleges and incorporates the allegations contained above in paragraphs 1 through 12 as if fully restated.

14.

The collision was directly and proximately caused by the negligence of Defendant THOMAS.

15.

Defendant THOMAS was negligent in failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle.

16.

Defendant THOMAS' actions constituted negligence per se with regard to applicable laws and standards including, but not limited to:

*(a) Improper lane change;*

3

Copy from re:SearchGA

        *(b) Causing a collision;*

and such other acts or omissions as may be provided by a preponderance of the evidence upon the trial of this matter.

17.

The collision was directly and proximately caused by Defendant THOMAS' negligence in failing to operate the vehicle with ordinary care for the safety of others.

18.

The collision was directly and proximately caused by Defendant THOMAS' negligence in operating the vehicle in reckless disregard for the safety of persons or property.

19.

Defendant THOMAS' negligence is the sole and proximate cause of the collision, Plaintiffs' resulting injuries, and Plaintiff's property damage.

### Count 2 – Imputed Liability

20.

Plaintiffs realleges and incorporates the allegations contained above in paragraphs 1 through 19 as if fully restated herein.

21.

At the time of the subject collision, Defendant THOMAS was within the course and scope of his employment for Defendant TCL.

Copy from re:SearchGA

22.

At the time of the subject collision, Defendant THOMAS was operating a vehicle with the knowledge and authority from Defendant TCL.

23.

Defendant THOMAS and Defendant TCL are responsible for the actions of Defendant THOMAS in regard to the collision described in this Complaint as a matter of law.

**Count 3 – Respondeat Superior**

24.

Plaintiff re-alleges and incorporates the allegations contained above in paragraphs 1 through 23 as if fully restated herein.

25.

At the time of the subject collision, Defendant THOMAS was working as an employee/ agent of Defendant TCL.

26.

At the time of the subject collision, Defendant THOMAS was operating the vehicle within the course and scope of his employment for Defendant TCL.

**Count 4 – Negligent Training, Hiring, and/or Supervision**

27.

Plaintiff re-alleges and incorporates the allegations contained above in paragraphs 1 through 26 as if fully restated herein.

Copy from re:SearchGA

28.

Defendant TCL was negligent in hiring Defendant THOMAS and entrusting him to operate a motor vehicle on its behalf.

29.

Defendant TCL was negligent in failing to properly train Defendant THOMAS.

30.

Defendant TCL was negligent in failing to properly supervise Defendant THOMAS.

31.

Defendant TCL was negligent in hiring Defendant THOMAS, failed to properly train and supervise him, and these failures are the sole and proximate cause of the collision and Plaintiff's resulting injuries.

**Count 5 – Damages**

32.

Plaintiff re-alleges and incorporates the allegations contained above in paragraphs 1 through 31 as if fully restated herein.

33.

Plaintiff's injuries and damages resulting from the collision were directly and proximately caused by the negligence of Defendants.

34.

Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the collision.

Copy from re:SearchGA

35.

In the future, it is likely Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the collision.

36.

In the future, it is likely Plaintiff will continue to need medical treatment as a direct and proximate result of the collision.

37.

Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the collision.

38.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses and will continue to incur expenses in the future, in an amount to be proven at trial.

39.

Plaintiff is entitled to recover for his injuries and the pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiffs state their intentions to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a)      Personal injuries;

b)      Past, present and future pain and suffering;

c)      Disability;

d)      Disfigurement;

Copy from re:SearchGA

e)   Mental anguish;

f)   Loss of capacity for the enjoyment of life;

g)   Economic losses;

h)   Incidental expenses;

i)   Past, present and future medical expenses;

j)   Lost earnings;

k)   Loss of earning capacity;

l)   Permanent injuries; and

m)   Consequential damages to be proven at trial.

WHEREFORE, Plaintiff prays that they have a trial on all issues and judgment against Defendants as follows:

a)   Process issue as provided by law;

b)   Plaintiff has a trial by jury against Defendants;

c)   Judgment be awarded to Plaintiff and against Defendants;

d)   That Plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

e)   That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

f)   That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury; and

g)   That Plaintiff recovers such other and further relief as is just and proper.

Respectfully submitted on Monday, April 5, 2021.

Copy from re:SearchGA

/s/ Ramin Kermani-Nejad
Ramin kermani-Nejad, Esq.
KERMANI FIRM LLC
Georgia Bar No. 669698
*Attorney for Plaintiff*

**KERMANI FIRM LLC**
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678-202-0494
Fax: 678-202-0209

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV002053
5/14/2021 4:43 PM
~~Christopher G. Scott, Clerk~~
Civil Division

## AFFIDAVIT OF SERVICE

| Case: 21-EV-002053 | Court: IN THE STATE COURT FOR THE COUNTY OF FULTON STATE OF GEORGIA | County: Fulton, GA | Job: 5539817 |
|---|---|---|---|

| Plaintiff / Petitioner: SHONTA BATTLE | Defendant / Respondent: JOHNNY THOMAS and THOMAS CONTRACTING LLC |
|---|---|

| Received by: Alacrity Legal Services | For: KERMANI FIRM LLC |
|---|---|

| To be served upon: Thomas Contracting LLC |
|---|

I, Randy Isom, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Dana Thomas -owner, authorized to accept for Thomas Contracting LLC , 203 W. 5th Ave,, YORK, AL 36925

**Manner of Service:** Business, Apr 7, 2021, 4:19 pm CDT

**Documents:** Summons (Received Apr 6, 2021 at 12:00am CDT), Complaint (Received Apr 6, 2021 at 12:00am CDT)

**Additional Comments:**
1) Successful Attempt: Apr 7, 2021, 4:19 pm CDT at 203 W. 5th Ave,, YORK, AL 36925 received by Dana Thomas -owner, authorized to accept for Thomas Contracting LLC . Age: 45; Ethnicity: African American; Gender: Male; Weight: 190; Height: 5'7"; Hair: Black; Service perfected.

Randy Isom                    Date 4/26/21

Alacrity Legal Services
61 St. Joseph St. Suite 1100
Mobile, AL 36602
251-206-7507

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 4/14/21          Commission Expires March 30, 2022



State Court of Fulton County
**E-FILED**
21EV002053
6/3/2021 2:24 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHONTA BATTLE,

       Plaintiff,

v.

JOHNNY THOMAS and THOMAS
CONTRACTING LLC

       Defendants.

Civil Action File No. 21EV002053

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW, Defendants Johnny Thomas and Thomas Contracting LLC (collectively "these Defendants") in the above-styled action, and file the following Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

These Defendants are not liable to Plaintiff because these Defendants breached no duty in regard to the occurrence giving rise to this Complaint.

### THIRD DEFENSE

To the extent as may be shown by evidence, these Defendants assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care and failure to mitigate damages.

7770511v.1

### FOURTH DEFENSE

These Defendants reserve the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

### FIFTH DEFENSE

Venue is improper as to these Defendants.

### SIXTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this Defendant, this Defendant shows that Plaintiffs' request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph 1 of the Georgia Constitution.

### SEVENTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this Defendant, this Defendant shows that Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and in violation of Article I, Section 1, Paragraph 1 of the Georgia Constitution.

### EIGHTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this

2

Defendant, this Defendant shows that an award of punitive damages in this case would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph 17 of the Georgia Constitution.

## **NINTH DEFENSE**

To the extent that the Plaintiff is seeking to recover punitive damages from this Defendant, this Defendant shows that as to Plaintiff's claims for punitive damages, pursuant to O.C.G.A. § 51-12-5.1, that said statute violates the United States and State of Georgia Constitutions on the following bases:  O.C.G.A. §51-12-5.1 is penal in nature and provides for the imposition of damages serving the function of criminal penalties, and any awards thereunder are, in effect, private fines.  Said statute further contains no discernable standards for the awards of damages and allows the entry of damages on a random, unpredictable, arbitrary, capricious and excessive basis.  Said statute further allows the entry of awards on the basis of proof that fails to establish the entitlement therefor beyond a reasonable doubt.  Said statute further fails to accord to parties the other basic federal constitutional rights accorded to defendants in criminal or penal matters, including without limitation, the right against self-incrimination.

## **TENTH DEFENSE**

These Defendants answer the numbered paragraphs of Plaintiffs' Complaint as follows:

**Parties, Jurisdiction, and Venue**

1.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

2.

These Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

These Defendants admit the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

4.

These Defendants deny the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5.

These Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

**Background**

6.

These Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

4

7.

These Defendants admit that Johnny Thomas was driving within his scope of employment with TCL at the time of the incident described in Plaintiff's Complaint. These Defendants admit that their vehicle and Plaintiff's vehicle impacted. These Defendants deny that any negligence on the part of these Defendants caused the subject incident.

8.

These Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

These Defendants deny the allegations contained in Paragraph 9 Plaintiff's Complaint.

10.

These Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

These Defendants admit that Defendant Johnny Thomas was driving within his scope of employment with TCL. These Defendants further admit that Defendant TCL is vicariously responsible for the conduct of Defendant Thomas under a theory of respondeat superior to the extent Defendant Thomas breached any duty owed to Plaintiff. These Defendants deny that any negligence on the part of these Defendants.

12.

These Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## Count 1 - Negligence

13.

These Defendants incorporate their responses to Paragraphs Nos. 1-12 as if fully stated herein.

14.

These Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

These Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

These Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

These Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

These Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

These Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**Count 2 – Imputed Liability**

20.

These Defendants incorporate their responses to Paragraphs Nos. 1-19 as if fully stated herein.

21.

These Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

These Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

These Defendants admit that Defendant TCL is vicariously responsible for the conduct of Defendant Thomas under a theory of respondeat superior to the extent Defendant Thomas breached any duty owed to Plaintiff.  These Defendants deny that any negligence on the part of Johnny Thomas caused the subject collision.

**Count 3 – Respondeat Superior**

24.

These Defendants incorporate their responses to Paragraphs Nos. 1-23 as if fully stated herein.

25.

These Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

These Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**Count 4 – Negligent Training, Hiring, and/or Supervision**

27.

These Defendants incorporate their responses to Paragraphs Nos. 1-26 as if fully stated herein.

28.

These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

These Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

These Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

These Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

**Count 5 - Damages**

32.

These Defendants incorporate their responses to Paragraphs Nos. 1-31 as if fully stated herein.

33.

These Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

These Defendants can neither admit nor deny the allegations contained in Paragraph No. 34 of Plaintiff's Complaint.

35.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 35 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

36.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 36 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

37.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 37 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

38.

These Defendants deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39.

These Defendants deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's ad damnun/prayer for relief clause and its subparts, are hereby denied.

WHEREFORE, having fully answered, these Defendants pray that the Complaint be dismissed with costs of this action cast against Plaintiff.

Defendants further demand a trial by a twelve person jury.

This 3rd day of June, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
fvalz@cskl.law
abeaton@cskl.law

By:    */s/ Anna K. Beaton*
        FRED M. VALZ, III
        State Bar No.: 723379
        ANNA K. BEATON
        State Bar No.: 421320

        *Attorneys for Defendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via electronic filing with the Clerk of the Court, addressed to counsel of record as follows:

Ramin Kermani-Nejad
KERMANI FIRM LLC
1718 Peachtree Street NW Suite 489
Atlanta, Georgia 30309
*Attorney for Plaintiff*

Respectfully submitted this 3rd day of June, 2021.

By:   */s/ Anna K. Beaton*
FRED M. VALZ, III
State Bar No.: 723379
ANNA K. BEATON
State Bar No.: 421320

Copeland, Stair, Kingma & Lovell, LLP
191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
fvalz@cskl.law
abeaton@cskl.law

*Attorneys for Defendants*

7770511v.1

State Court of Fulton County
**E-FILED**
21EV002053
5/24/2021 10:14 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHONTA BATTLE

Plaintiff,

v.

JOHNNY THOMAS and THOMAS
CONTRACTING LLC,

                Defendants.

CIVIL ACTION FILE
NO.: 21EV002053

### <u>MOTION FOR ENTRY OF DEFAULT</u>

Comes Now Ramin Kermani-Nejad, attorney of record for the Plaintiff named in the above-styled action, and shows the Court the following:

Defendant THOMAS CONTRACTING LLC was served with a copy of the Summons, Complaint, and Case Filing Information Form on April 7, 2021, as shown on the Affidavit of Service, attached hereto as Exhibit A.

The Plaintiff shows further:

1. More than forty-five (45) days have passed since the dates of service;

2. No contested answer or other responsive pleadings have been served upon the Plaintiffs as required by the Summons;

3. Defendant THOMAS CONTRACTING LLC is not in active military service of the United States nor has it waived its rights under the Uniform Service Members Relief Act; and

4. The time for Defendant THOMAS CONTRACTING LLC to file an Answer in this case has expired, and the Court has not given an extension of time.

5. Defendant THOMAS CONTRACTING LLC is now in Default.

Copy from re:SearchGA

WHEREFORE, Plaintiff request that the Court enter an order adjudging Defendant THOMAS CONTRACTING LLC to be in default for failing to file an answer or otherwise plead or appear within the time required by law.

This 24th day of May, 2021.

Respectfully Submitted,

/s/ Ramin Kermani-Nejad
Ramin kermani-Nejad, Esq.
KERMANI FIRM LLC
Georgia Bar No. 669698
*Attorney for Plaintiff*

**KERMANI FIRM LLC**
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678-202-0494
Fax: 678-202-0209

2

Copy from re:SearchGA

# EXHIBIT A

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV002053
5/14/2021 4:43 PM
~~Christopher G. Scott, Clerk~~
Civil Division

## AFFIDAVIT OF SERVICE

| Case: 21-EV-002053 | Court: IN THE STATE COURT FOR THE COUNTY OF FULTON STATE OF GEORGIA | County: Fulton, GA | Job: 5539817 |
|---|---|---|---|

| Plaintiff / Petitioner: SHONTA BATTLE | Defendant / Respondent: JOHNNY THOMAS and THOMAS CONTRACTING LLC |
|---|---|
| Received by: Alacrity Legal Services | For: KERMANI FIRM LLC |
| To be served upon: Thomas Contracting LLC | |

I, Randy Isom, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Dana Thomas -owner, authorized to accept for Thomas Contracting LLC , 203 W. 5th Ave,, YORK, AL 36925

**Manner of Service:** Business, Apr 7, 2021, 4:19 pm CDT

**Documents:** Summons (Received Apr 6, 2021 at 12:00am CDT), Complaint (Received Apr 6, 2021 at 12:00am CDT)

**Additional Comments:**
1) Successful Attempt: Apr 7, 2021, 4:19 pm CDT at 203 W. 5th Ave,, YORK, AL 36925 received by Dana Thomas -owner, authorized to accept for Thomas Contracting LLC . Age: 45; Ethnicity: African American; Gender: Male; Weight: 190; Height: 5'7"; Hair: Black; Service perfected.

_____        _____
Randy Isom                                              Date      4/26/21

Alacrity Legal Services
61 St. Joseph St. Suite 1100
Mobile, AL 36602
251-206-7507

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

4/14/21            March 30, 2022
Date                Commission Expires



**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

SHONTA BATTLE

Plaintiffs,

v.

JOHNNY THOMAS and THOMAS
CONTRACTING LLC,

Defendants.

CIVIL ACTION FILE
NO.: 21EV002053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing Notice of Filing: (1) PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT to be made upon all parties in the above-referenced action via personal delivery/electronic mail/eFileGA system/first class mail pursuant to the agreement of the parties' counsels, addressed as follows:

Dana Thomas
Thomas Contracting LLC
203 W. 5th Ave, York, AL 36925

Respectfully submitted on: May 24, 2021

/s/ Ramin Kermani-Nejad
Ramin kermani-Nejad, Esq.
KERMANI FIRM LLC
Georgia Bar No. 669698
*Attorney for Plaintiff*

**KERMANI FIRM LLC**
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678-202-0494
Fax: 678-202-0209

3

Copy from re:SearchGA

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 66662543
Case Number: 21EV002053
Date: Jun 07 2021 11:12AM
Christopher G. Scott, Chief Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

SHONTA BATTLE,

    Plaintiff,

v.

                              Civil Action File No. 21EV002053

JOHNNY THOMAS and THOMAS
CONTRACTING LLC

    Defendants.

---

## DEFENDANT THOMAS CONTRACTING LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

COME NOW, Defendant Thomas Contracting LLC and files the following response files the following Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

Defendant Thomas Contracting was served on April 7, 2021 as shown on the Affidavit of Service, attached hereto as Exhibit "A". As also shown on Exhibit "A", the affidavit of service was not filed until May 14, 2021. Pursuant to O.C.G.A. 9-11-4(h), Defendant has thirty days from when the affidavit of service was filed to respond to Plaintiff's Complaint if the return of service was filed more than five business days after the date of service. As such, Thomas Contracting's answer to Plaintiff's Complaint is not due until June 14, 2021. Thomas Contracting has already filed an answer to Plaintiff's Complaint, attached as Exhibit "B". Therefore, Thomas Contracting has never been in default and has timely filed an answer.

This 7th day of June, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA &
LOVELL, LLP

191 Peachtree Street NE, Suite 3600          By:   */s/ Anna K. Beaton*
P.O. Box 56887 (30343-0887)                         FRED M. VALZ, III
Atlanta, Georgia 30303-1740                         State Bar No.: 723379
Phone: 404-522-8220                                 ANNA K. BEATON
Fax: 404-523-2345                                   State Bar No.: 421320
fvalz@cskl.law
abeaton@cskl.law                                    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via electronic filing with the Clerk of the Court, addressed to counsel of record as follows:

Ramin Kermani-Nejad
KERMANI FIRM LLC
1718 Peachtree Street NW Suite 489
Atlanta, Georgia 30309
*Attorney for Plaintiff*

Respectfully submitted this 7th day of June, 2021.

<table>
<tr><td></td><td>By:</td><td><u>/s/ Anna K. Beaton</u></td></tr>
<tr><td></td><td></td><td>FRED M. VALZ, III</td></tr>
<tr><td></td><td></td><td>State Bar No.: 723379</td></tr>
<tr><td></td><td></td><td>ANNA K. BEATON</td></tr>
<tr><td></td><td></td><td>State Bar No.: 421320</td></tr>
</table>

Copeland, Stair, Kingma & Lovell, LLP
191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
fvalz@cskl.law
abeaton@cskl.law

*Attorneys for Defendants*

7773997v.1

# EXHIBIT A

State Court of Fulton County
**E-FILED**
21EV002053
5/14/2021 4:43 PM
~~Christopher G. Scott, Clerk~~
Civil Division

## AFFIDAVIT OF SERVICE

| Case: 21-EV-002053 | Court: IN THE STATE COURT FOR THE COUNTY OF FULTON STATE OF GEORGIA | County: Fulton, GA | Job: 5539817 |
|---|---|---|---|

| Plaintiff / Petitioner: SHONTA BATTLE | Defendant / Respondent: JOHNNY THOMAS and THOMAS CONTRACTING LLC |
|---|---|
| Received by: Alacrity Legal Services | For: KERMANI FIRM LLC |
| To be served upon: Thomas Contracting LLC | |

I, Randy Isom, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Dana Thomas -owner, authorized to accept for Thomas Contracting LLC , 203 W. 5th Ave,, YORK, AL 36925
Manner of Service:   Business, Apr 7, 2021, 4:19 pm CDT
Documents:   Summons (Received Apr 6, 2021 at 12:00am CDT), Complaint (Received Apr 6, 2021 at 12:00am CDT)

Additional Comments:
1) Successful Attempt: Apr 7, 2021, 4:19 pm CDT at 203 W. 5th Ave,, YORK, AL 36925 received by Dana Thomas -owner, authorized to accept for Thomas Contracting LLC . Age: 45; Ethnicity: African American; Gender: Male; Weight: 190; Height: 5'7"; Hair: Black; Service perfected.

Randy Isom                    Date  4/26/21

Alacrity Legal Services
61 St. Joseph St. Suite 1100
Mobile, AL 36602
251-206-7507

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date  4/16/21        Commission Expires  March 30, 2022

KIMBERLY VANDYKE
My Commission Expires
NOTARY
PUBLIC
03-30-2022
ALABAMA STATE AT LARGE

# EXHIBIT B

State Court of Fulton County
**E-FILED**
21EV002053
6/3/2021 2:24 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

SHONTA BATTLE,

      Plaintiff,

v.

JOHNNY THOMAS and THOMAS
CONTRACTING LLC

      Defendants.

Civil Action File No. 21EV002053

## ANSWER AND DEFENSES OF DEFENDANTS

COME NOW, Defendants Johnny Thomas and Thomas Contracting LLC (collectively "these Defendants") in the above-styled action, and file the following Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

## FIRST DEFENSE

The Complaint fails to set forth a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

These Defendants are not liable to Plaintiff because these Defendants breached no duty in regard to the occurrence giving rise to this Complaint.

## THIRD DEFENSE

To the extent as may be shown by evidence, these Defendants assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care and failure to mitigate damages.

### FOURTH DEFENSE

These Defendants reserve the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

### FIFTH DEFENSE

Venue is improper as to these Defendants.

### SIXTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this Defendant, this Defendant shows that Plaintiffs' request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph 1 of the Georgia Constitution.

### SEVENTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this Defendant, this Defendant shows that Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and in violation of Article I, Section 1, Paragraph 1 of the Georgia Constitution.

### EIGHTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this

Defendant, this Defendant shows that an award of punitive damages in this case would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph 17 of the Georgia Constitution.

## NINTH DEFENSE

To the extent that the Plaintiff is seeking to recover punitive damages from this Defendant, this Defendant shows that as to Plaintiff's claims for punitive damages, pursuant to O.C.G.A. § 51-12-5.1, that said statute violates the United States and State of Georgia Constitutions on the following bases:  O.C.G.A. §51-12-5.1 is penal in nature and provides for the imposition of damages serving the function of criminal penalties, and any awards thereunder are, in effect, private fines.  Said statute further contains no discernable standards for the awards of damages and allows the entry of damages on a random, unpredictable, arbitrary, capricious and excessive basis.  Said statute further allows the entry of awards on the basis of proof that fails to establish the entitlement therefor beyond a reasonable doubt.  Said statute further fails to accord to parties the other basic federal constitutional rights accorded to defendants in criminal or penal matters, including without limitation, the right against self-incrimination.

## TENTH DEFENSE

These Defendants answer the numbered paragraphs of Plaintiffs' Complaint as follows:

## Parties, Jurisdiction, and Venue

### 1.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

### 2.

These Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

These Defendants admit the allegations contained in Paragraph No. 3 of Plaintiff's Complaint.

### 4.

These Defendants deny the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

### 5.

These Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## Background

### 6.

These Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

These Defendants admit that Johnny Thomas was driving within his scope of employment with TCL at the time of the incident described in Plaintiff's Complaint. These Defendants admit that their vehicle and Plaintiff's vehicle impacted. These Defendants deny that any negligence on the part of these Defendants caused the subject incident.

8.

These Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

These Defendants deny the allegations contained in Paragraph 9 Plaintiff's Complaint.

10.

These Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

These Defendants admit that Defendant Johnny Thomas was driving within his scope of employment with TCL. These Defendants further admit that Defendant TCL is vicariously responsible for the conduct of Defendant Thomas under a theory of respondeat superior to the extent Defendant Thomas breached any duty owed to Plaintiff. These Defendants deny that any negligence on the part of these Defendants.

12.

These Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

**Count 1 - Negligence**

13.

These Defendants incorporate their responses to Paragraphs Nos. 1-12 as if fully stated herein.

14.

These Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

These Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

These Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

These Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

These Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

These Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**Count 2 – Imputed Liability**

20.

These Defendants incorporate their responses to Paragraphs Nos. 1-19 as if fully stated herein.

21.

These Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

These Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

These Defendants admit that Defendant TCL is vicariously responsible for the conduct of Defendant Thomas under a theory of respondeat superior to the extent Defendant Thomas breached any duty owed to Plaintiff.  These Defendants deny that any negligence on the part of Johnny Thomas caused the subject collision.

**Count 3 – Respondeat Superior**

24.

These Defendants incorporate their responses to Paragraphs Nos. 1-23 as if fully stated herein.

25.

These Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

These Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**Count 4 – Negligent Training, Hiring, and/or Supervision**

27.

These Defendants incorporate their responses to Paragraphs Nos. 1-26 as if fully stated herein.

28.

These Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

These Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

These Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

These Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

**Count 5 - Damages**

32.

These Defendants incorporate their responses to Paragraphs Nos. 1-31 as if fully stated herein.

33.

These Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

These Defendants can neither admit nor deny the allegations contained in Paragraph No. 34 of Plaintiff's Complaint.

35.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 35 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

36.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 36 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

37.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 37 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

38.

These Defendants deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39.

These Defendants deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's ad damnun/prayer for relief clause and its subparts, are hereby denied.

WHEREFORE, having fully answered, these Defendants pray that the Complaint be dismissed with costs of this action cast against Plaintiff.

Defendants further demand a trial by a twelve person jury.

This 3rd day of June, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

| | |
|---|---|
| 191 Peachtree Street NE, Suite 3600 | By:   */s/ Anna K. Beaton* _____ |
| P.O. Box 56887 (30343-0887) | FRED M. VALZ, III |
| Atlanta, Georgia 30303-1740 | State Bar No.: 723379 |
| Phone: 404-522-8220 | ANNA K. BEATON |
| Fax: 404-523-2345 | State Bar No.: 421320 |
| fvalz@cskl.law | |
| abeaton@cskl.law | *Attorneys for Defendants* |

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via electronic filing with the Clerk of the Court, addressed to counsel of record as follows:

Ramin Kermani-Nejad
KERMANI FIRM LLC
1718 Peachtree Street NW Suite 489
Atlanta, Georgia 30309
*Attorney for Plaintiff*

Respectfully submitted this 3rd day of June, 2021.

|  |  |
|---|---|
|  | By:   */s/ Anna K. Beaton* |
|  | FRED M. VALZ, III |
|  | State Bar No.: 723379 |
| Copeland, Stair, Kingma & Lovell, LLP | ANNA K. BEATON |
| 191 Peachtree Street NE, Suite 3600 | State Bar No.: 421320 |
| P.O. Box 56887 (30343-0887) |  |
| Atlanta, Georgia 30303-1740 | *Attorneys for Defendants* |
| Phone: 404-522-8220 |  |
| Fax: 404-523-2345 |  |
| fvalz@cskl.law |  |
| abeaton@cskl.law |  |

7770511v.1

State Court of Fulton County
**E-FILED**
21EV002053
6/7/2021 11:57 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SHONTA BATTLE

Plaintiff,

v.

JOHNNY THOMAS and THOMAS
CONTRACTING LLC,

           Defendants.

CIVIL ACTION FILE
NO.: 21EV002053

## <u>MOTION  TO WITHDRAW PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT</u>

Comes Now Ramin Kermani-Nejad, attorney of record for the Plaintiff named in the above-styled action, and hereby withdraws the Motion for Entry of Default against Defendant THOMAS CONTRACTING LLC ("Defendant").  After good faith meet and confer between the parites, Defendant has agreed to file responsive pleading.  As such, Plaintiff hereby withdraws his Motion for Entry of Default against Defendant

This 7th day of June, 2021.

Respectfully Submitted,

/s/ Ramin Kermani-Nejad
Ramin kermani-Nejad, Esq.
KERMANI FIRM LLC
Georgia Bar No. 669698
*Attorney for Plaintiff*

**KERMANI FIRM LLC**
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678-202-0494
Fax: 678-202-0209

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

SHONTA BATTLE

Plaintiffs,

v.

JOHNNY THOMAS and THOMAS
CONTRACTING LLC,

Defendants.

CIVIL ACTION FILE
NO.: 21EV002053

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the within and foregoing Notice of Filing: (1)
PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR ENTRY OF DEFAULT to be made upon all
parties in the above-referenced action via personal delivery/electronic mail/eFileGA system/first class
mail pursuant to the agreement of the parties' counsels, addressed as follows:


Fred Valz
fvalz@cskl.law
Anna K Beaton
abeaton@cskl.law
191 Peachtree Street NE, Suite 2600
Atlanta, Ga 30303


Respectfully submitted on: June 7, 2021

/s/ Ramin Kermani-Nejad
Ramin kermani-Nejad, Esq.
KERMANI FIRM LLC
Georgia Bar No. 669698
*Attorney for Plaintiff*

**KERMANI FIRM LLC**
1718 Peachtree Street NW, Suite 489
Atlanta, Georgia 30309
Tel: 678-202-0494
Fax: 678-202-0209

2